Ralph A. ZAPPOLA, Plaintiff,

v.

Richard HENNIG, et al., Defendants.

No. 1:96 CV 1042.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 23, 1998.

Timothy T. Reid, Reid, Berry & Stanard, Cleveland, OH, for Plaintiff.

Henry A. Hentemann, Meyers, Hentemann, Schneider & Rea, Cleveland, OH, John Thomas McLandrich, Todd M. Raskin, Kimberly A. Brennan, Mazanec, Raskin & Ryder, Solon, OH, I. James Hackenberg, Painesville, OH, Lou D'Amico, Argie & Associates, Mayfield Village, OH, for Defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

WELLS, District Judge.

This case is before the Court on defendants' motions for summary judgment (docket nos. 23 & 24). Plaintiff has responded to defendants' motions (docket no. 30), and defendants have replied to plaintiff's response (docket nos. 35 & 36). For the reasons stated below, summary judgment will be granted in favor of all defendants.

Summary judgment is appropriate where the moving party shows there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir.1995). To meet this burden, the moving party may rely on the non-moving party's failure to produce any evidence creating a genuine issue for the jury. *Cox*, 53 F.3d at 149. Summary judgment will be granted where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to his case." *Holbrook v. Harman Automotive, Inc.*, 58 F.3d 222, 225 (6th Cir.1995). However, evidence presented by the non-movant must be believed as true, and all justifiable inferences must be drawn in the non-movant's favor. *See Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996). Keeping these principles in mind, the Court now turns to the facts of this case.

### I. Facts

The plaintiff, former Sergeant Ralph Zappola, agreed to a 60 day suspension from the City of Mentor Police Department in January of 1995. *See* Plaintiff's Complaint, ¶¶ 8–9. In the settlement agreement, Mr. Zappola admitted to committing two sexual improprieties while he was on official duty and wearing his police uniform. *See* Plaintiff's

Response to Defendants' Motions for Summary Judgment (hereinafter "Plaintiff's Response"), Exhibit 1. By affidavit, Mr. Zappola indicates Richard Amiott, police chief for the City of Mentor, told Mr. Zappola the 60 day suspension would be the only discipline given for the sexual improprieties. *See* Plaintiff's Response, Exhibit 14, ¶ 3. The settlement agreement, however, contains no such provision. Mr. Zappola served the 60 day suspension and returned to work. While Mr. Zappola was on suspension, his fellow police officer Dan Llewelyn was promoted to Lieutenant. *See* Plaintiff's Response, at 13.

Defendant Richard A. Hennig, who was a councilman for the City of Mentor, then began exerting pressure on two public officials to terminate Mr. Zappola from the police force due to his sexual improprieties. These officials included Police Chief Amiott (*see* Plaintiff's Response, at 2) and City Manager Julian Suso, who was responsible for hiring and disciplining city employees (*see* Plaintiff's Response, at 8–9). Eventually this pressure resulted in an ultimatum issued to Mr. Zappola: resign from the police force or be criminally prosecuted. *See* Plaintiff's Response, Exhibit 15. Mr. Zappola chose to take disability retirement to avoid criminal prosecution. *See* Plaintiff's Response, Exhibit 14, ¶ 16.

## II. Analysis

### A. Plaintiff's Claim

Unfortunately, it is not at all clear from the complaint or from Plaintiff's Response exactly what law plaintiff claims the defendants violated. When deciding how to rule on a motion for summary judgment, a critical component of the analysis is the underlying law upon which the plaintiff relies as a basis for the requested relief. This law is relevant in two respects. First, "[t]he materiality of an issue of fact is evaluated based on the relevant substantive law ...." *National Solid Wastes Management Ass'n v. Voinovich*, 959

F.2d 590, 592 (6th Cir.1992). Second, it determines whether the party moving for summary judgment "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Plaintiff's complaint in this case is not a model of clarity. It cites no law except to state the Court has jurisdiction under 42 U.S.C. § 1983 and 21 U.S.C. § 1343 (presumably meant to refer to 28 U.S.C. § 1343). It also states Mr. Zappola's employment "constituted a property interest protected by the Constitution of the United States of America as well as by the laws of the State of Ohio." Of course, under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need contain only (1) a statement of the court's jurisdiction, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) an indication of the relief sought. These liberal "notice pleading" requirements are easily met. *See, e.g., Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405–06 (6th Cir.1998). Arguably the plaintiff's complaint satisfies the requirements of Rule 8(a), even though it is very difficult to determine upon what law plaintiff relies.

In their joint motion for summary judgment, the three named defendants (the City of Mentor, Richard Hennig, and Dan Llewelyn) state they "have interpreted Plaintiff's Complaint to allege that defamatory statements made by Mr. Hennig and Sergeant Llewelyn resulted in the loss of his employment thus implicating a liberty interest in employment as protected by the Fourteenth Amendment."[1] *See* Defendants' Joint Motion for Summary Judgment, at 6–7.

Plaintiff's Response does not disagree with this interpretation. To survive a motion for summary judgment, the non-movant must show there is evidence to support each element of his or her case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). All the more so, then, must the non-movant indicate what the material elements of the claim are. Stated another way,

---

1. To the extent plaintiff might also be claiming a civil conspiracy, the defendants have also moved for summary judgment on that claim. *See* Defendants' Joint Motion for Summary Judgment, at 15–16. Plaintiff's Response does not address the legal arguments upon which this motion relies or dispute the underlying facts. Hence, to

the extent Mr. Zappola intended to make a conspiracy claim, defendants are entitled to summary judgment on that claim due to Mr. Zappola's failure to respond to this portion of the motion for summary judgment. *See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

vagueness which is permissible in the complaint under Rule 8 is not permissible at the summary judgment stage under Rule 56. In failing to indicate the plaintiff is relying upon a cause of action other than the one defendants have interpreted the complaint as stating, Plaintiff's Response in effect accepts the defendants' characterization of the nature of plaintiff's claim. The Court will thus take the plaintiff at his word, and proceed on the basis that Mr. Zappola is claiming the defendants violated his Fourteenth Amendment rights by defaming him.

### B. Substantive Due Process

 The Fourteenth Amendment encompasses both procedural and substantive due process rights. To the extent Mr. Zappola is claiming the defendants infringed upon his substantive due process rights by defaming him, his claim is foreclosed by *Holthaus v. Board of Educ., Cincinnati Public Schools,* 986 F.2d 1044 (6th Cir.1993). In *Holthaus,* the plaintiff brought an action under 42 U.S.C. § 1983, claiming the Board had violated his substantive due process rights due to the defamatory nature of findings and charges the School Board made as part of an investigation which ultimately led to the plaintiff's termination. *Id.* at 1046–47. At most, concluded the court, the plaintiff might have a procedural due process claim. *Id.* at 1047.

### C. Procedural Due Process

 In order for a person's procedural due process rights to be violated, the person must have a constitutionally protected property or liberty interest, and the person must be deprived of that interest without adequate process. *See, e.g., Mertik v. Blalock,* 983 F.2d 1353 (6th Cir.1993). The Court will consider each of these elements in turn.

**2.** This statement is not inconsistent with the Court's previous conclusion that Mr. Zappola's complaint relies solely on a claim that his constitutional rights were violated by the defendants' defamatory statements and conduct. Plaintiff's Response is not very clear in any respect. It cites to no law except Ohio Rev.Code § 742.3721, which Mr. Zappola claims indicates

### i. Constitutionally Protected Interest

 A defamation claim cannot, standing alone, constitute a deprivation of "liberty" or "property" under the Due Process Clause of the Fourteenth Amendment such that a plaintiff has a viable action under 42 U.S.C. § 1983. *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). However, defamation occurring during the course of employment termination by a public employer may be enough to invoke a public employee's procedural due process rights. *See id.* at 712, 96 S.Ct. 1155; *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Campanelli v. Bockrath,* 100 F.3d 1476, 1478–79 (9th Cir.1996).

 Mr. Zappola claims statements made by defendants Mr. Hennig and Mr. Llewelyn during the course of Mr. Zappola's termination were defamatory. Defamation consists of a false publication causing injury to a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace. *See Rogers v. Buckel,* 83 Ohio App.3d 653, 615 N.E.2d 669, 672–73 (1992).

Mr. Zappola has failed to describe, either in his complaint or in Plaintiff's Response, any defamatory statements made by a defendant. Indeed, Plaintiff's Response fails to mention defamation at all.[2] Once a motion for summary judgment is made and properly supported, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Cox,* 53 F.3d at 149. Defendants have properly moved for summary judgment regarding Mr. Zappola's defamation claim on various grounds, and Plaintiff's Response fails to raise any factual or legal issues related to defamation. For this reason alone defendants are entitled to summary judgment.

Ohio law would permit his return to work (after Plaintiff's Response was filed with the Court, the statute was repealed by 1998 Ohio Laws 175, effective September 16, 1998). Furthermore, Plaintiff's Response exhaustively reviews the alleged facts of the case without indicating their legal significance except for stating perfunctory conclusions.

While the Court need not search the entire record to conclude there is no issue as to any material fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989), and the burden is on the non-movant, not the Court, to find evidence leading to a material issue of fact, *id.* at 1479, the Court has examined the exhibits attached to Plaintiff's Response (except for the depositions) in an effort to find evidence of defamation. The Court found no defamatory statements. Mr. Hennig was quoted by a local newspaper as saying, "I think we should have fired him. We're afraid he's going to sue? So what. Let him sue." Plaintiff's Response, Exhibit 4. At most, this statement reflects an opinion held by Mr Hennig. Defamation must consist of assertions of fact, not opinion. *See Vail v. Plain Dealer Publ'g Co.*, 72 Ohio St.3d 279, 649 N.E.2d 182 (1995) (Article 1, § 11 of the Ohio Constitution protects statements of opinion from defamation claims as part of the freedom of the press); *Scott v. News–Herald*, 25 Ohio St.3d 243, 496 N.E.2d 699 (1986) (same). Mr. Zappola has also provided a campaign advertisement for Mr. Hennig which states he "[s]tood alone to insist that action be taken to remove from the police force a policeman who admitted to having sex in a police cruiser in a city park while on duty." Plaintiff's Response, Exhibit 5. Mr. Zappola has admitted to participating in the referenced sexual encounter. Because this assertion of fact regarding Mr. Zappola is therefore true, it cannot be defamation. Ohio Rev.Code Ann. § 2739.02 (providing truth is a complete defense to a claim of defamation).

For these reasons, the Court concludes Mr. Zappola has not produced enough evidence to show he was deprived of a liberty or property interest under the Fourteenth Amendment.

### *ii. Adequate Process*

Because Mr. Zappola has not shown he was deprived of a liberty or property interest protected by the Fourteenth Amendment, it is not necessary to consider whether he was given adequate process.

### *III. Conclusion*

The Court concludes there is no genuine issue of material fact regarding Mr. Zappola's defamation claim because Mr. Zappola fails to point out any factual disputes in his response to defendants' motion for summary judgment. Further, on the facts presented, defendants are entitled to judgment in their favor as a matter of law because the statements made by them were either opinion or truthful. Because the defendants have not defamed Mr. Zappola in any way, they have not violated his constitutional right to be free of defamation during his termination from public employment. For these reasons, summary judgment is granted in favor of all defendants.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

The Court, having previously entered its memorandum of opinion and order granting defendants' motion for summary judgment, hereby enters judgment in favor of all three defendants and against plaintiff Ralph Zappola. Plaintiff to pay costs.